UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Highland Surgical Center LLC, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Case No. _____ |
| Wells Fargo & Company, | § § § | |
| *Defendant*. | § § | |

**Plaintiff's Original Complaint**

Plaintiff Highland Surgical Center LLC (the "Surgery Center") brings this Complaint against the Wells Fargo & Company health plan (the "Plan"), and for cause of action respectfully would show as follows:

**I.**

**Introduction**

The Surgery Center is an ambulatory surgery center specializing in otolaryngological surgical procedures. Patient A underwent such a procedure at the Surgery Center on April 2, 2018. At the time of their surgical procedure, Patient A was a participant or beneficiary in the Plan—which is a self-funded, employer-sponsored health benefit plan governed by the federal ERISA statute. Anthem BlueCross BlueShield ("BCBS") serves as the Plan's third-party administrator. The Surgery Center is "out-of-network" with the Plan and BCBS.

1

The Plan terms provide for out-of-network reimbursement at the usual, customary, and reasonable ("UCR") rate. Yet, the Plan paid only $1,063.47 or 6.34% of the Surgery Center's billed charges—which is substantially less than the UCR amount for the services in question. In fact, the reimbursement amount does not even cover the Surgery Center's costs related to Patient A's procedure.

The Surgery Center appealed the Plan's gross underpayment to BlueCross BlueShield of Texas ("BCBSTX") per BCBS custom—and BCBSTX responded. Administrative and appeal options were pursued until exhausted or deemed exhausted due to futility.

Before suit was filed, the Surgery Center—as Patient A's designated authorized representative—requested complete copies of the Plan from the Plan's agent, BCBSTX, as well as the methodology and data used to determine the reimbursement amounts, if any. The Plan failed to timely provide the requested information. Such violations of federal law entitle the Surgery Center to a civil penalty in the amount of $110 per day for each day after the 30th day upon which such requests were made. *See* 29 U.S.C. § 1132(c)(1); 29 CFR § 2575.502c-1; 29 C.F.R. §560.503-1(g).

The Surgery Center's counsel also sent a pre-suit demand letter to the Plan and BCBSTX. The Plan's lawyers and BCBS took the position that nothing further was owed to the Surgery Center because it purportedly failed to timely appeal the

Plan's under-reimbursement of its claim. Notably, neither the Plan's lawyers nor BCBS addressed the *merits* of the Surgery Center's claim.

The Surgery Center's demand letter included the following details regarding the claim at issue: patient name, patient date of birth, patient insurance ID number, and insurance claim number. In other words, the Plan is aware of Patient A's identity and the details of the claim at issue.

Given the Plan's refusal to pay what is rightfully owed for the surgical facility services in question and refusal to provide required Plan documents upon request, the Surgery Center was left with no choice but to bring this action for damages.

## II.

## The Parties

Plaintiff Highland Surgical Center LLC is a Texas limited liability company with its principal place of business in Houston, Texas.

Defendant Wells Fargo & Company Health Plan is a Delaware corporation with its principal place of business in San Francisco, California. It may be served

through its registered agent for service of process, Corporation Service Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.

## Jurisdiction and Venue

This Court has federal question jurisdiction because the Surgery Center's claim arises under the federal ERISA statute, 29 U.S.C. § 1132(a)(1)(B). ERISA Section 1132(e)(1) provides that "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. § 1132(e)(1). Section 1132(f) further provides that "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." *Id.* § 1132(f).

Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.

## The Surgery Center's Standing

The Surgery Center has standing to sue as the assignee and designated representative of Patient A. Patient A signed an Assignment of Benefits and Designation of Authorized Representative ("AOB") in favor of the Surgery Center,

4

a true and correct redacted copy of which is attached as Exhibit A and incorporated by reference herein.

By executing the AOB, Patient A assigned to the Surgery Center a broad array of rights related to their healthcare benefits, and also appointed the Surgery Center as their authorized representative. These rights include not only Plan benefits, such as the right to be paid directly by the Plan for the Surgery Center's services rendered to Patient A, to obtain Plan documents upon request, and to take all action necessary to seek payments for services based on Patient A's Plan benefits, but also other legal rights such as any chose in action Patient A may have and to pursue litigation, including claims for penalties under ERISA. Patient A also authorized the Surgery Center to act on their behalf.

## V.

### The Plan Waived and Is Estopped from Asserting Any Anti-Assignment Provision in the Plan Document.

Throughout the entire administrative process, neither the Plan nor BCBSTX ever referenced any anti-assignment language or clause in the Plan document, ever refused to communicate with the Surgery Center based on any such anti-assignment provision, ever refused to process the Surgery Center's claim based on any such anti-assignment provision, or ever refused to pay the Surgery Center's claim based on any such anti-assignment provision.

ERISA regulations require the Plan, *inter alia*, to (i) state the specific reason or reasons for the adverse benefit determination, and (ii) refer to the specific plan provisions on which the determination is based. 29 C.F.R. § 2560.503-1(g)(1). At no time during the administrative process did the Plan or BCBSTX ever state that the reason for the adverse benefit determination was an anti-assignment provision, nor did they reference a specific anti-assignment provision in any Plan document. *See Harlick v. Blue Shield of California*, 686 F.3d 699, 719-720 (9th Cir. 2012) ("[A] court will not allow an ERISA plan administrator to assert a reason for denial of benefits that it had not given during the administrative process.").

Moreover, the ERISA statute and regulations require the Plan to provide relevant plan documents upon request. 29 U.S.C. §1104, 1024 and 1132; 29 C.F.R. §560.503-1. At no time during the administrative process did the Plan ever send any Plan documents containing any anti-assignment provision to the Surgery Center, although the Surgery Center specifically requested all Plan documents.

On the contrary, throughout the entire administrative process, the Plan engaged in regular interaction with the Surgery Center before and after the claim was submitted without mentioning or invoking any matter regarding the assignment. When the Surgery Center communicated with the Plan or its agents at BCBSTX to verify member eligibility for out-of-network services, neither the Plan nor its agents

ever stated that Patient A was prohibited from assigning claims to the Surgery Center and never informed the Surgery Center of any such provision in the Plan documents.

While the Plan has not fully paid the claim at issue in this case, it and its agents at BCBSTX have at all times treated the AOB as valid. The Plan has thus waived and are estopped from enforcing any anti-assignment provision within the Plan documents.

The Plan knew that the Surgery Center sought payment for its surgical facility services via the AOB received from Patient A because a copy of the AOB was enclosed with appeals and request for Plan document letters by the Surgery Center. The Surgery Center also specifically stated that it was acting as a beneficiary and authorized representative of Patient A in its first and second level appeals.

At no time did the Plan invoke the anti-assignment language when it or its agents responded to the Surgery Center's multiple and repeated requests for explanations of adverse benefits decisions, appeals of the adverse benefits decisions, and requests for the actual Plan documents. The Plan intentionally relinquished any right to rely on any purported anti-assignment language with full knowledge of the existence of the AOB and of the fact that the Surgery Center was relying on same. *See Herman Hospital v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 574 (5th Cir. 1992) ("It was [the Plan's] responsibility to notify [the plaintiff] of that clause if it intended to rely on it to avoid any attempted assignments."); *Lutheran Med. Ctr. of*

7

*Omaha, Neb. v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan*, 25 F.3d 616, 619 (8th Cir. 1994) ("Because the Plan's actual practice is not in conformity with its strict anti-assignment provision, we conclude that nothing in the contract precludes a finding that Lutheran and Henderson have standing as assignees."); *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 2009 WL 3233427, at *4-5 (D.N.J. Sept. 30, 2009) (denying motion to dismiss where provider alleged course of direct dealing with plan inconsistent with anti-assignment); *Columbia Hosp. at Med. City Dall. Subsidiary, L.P. v. Legend Asset Mgmt. Corp.*, 2004 WL 769253, at *4 n.5 (N.D. Tex. Apr. 9, 2004) (similar); *Univ of Tennessee William F. Bowld Hosp. v. Wal-Mart Stores, Inc.*, 951 F. Fupp. 724, 726 (W.D. Tenn. 1996) (denying summary judgment where Wal-Mart failed to demonstrate that it had ever asserted anti-assignment provision).

## VI.

## Exhaustion and Futility of Administrative Remedies

The Surgery Center timely appealed the claim at issue in this case more than once—first on May 15, 2018 and again on July 31, 2018. Nobody ever responded to the Surgery Center's level 1 appeal. On August 6, 2018, BCBSTX provided a generic response to the level 2 appeal stating that "the claim was processed in accordance with the terms and conditions of the member's health care benefit plan," without referencing any plan terms or providing any explanation. The Plan's and

BCBSTX's ignoring the Surgery Center's level 1 appeal and BCBSTX's providing such a generic response to the Surgery Center's level 2 appeal demonstrate the futility of further appeals.

Moreover, the Surgery Center is deemed to have exhausted all administrative remedies available to it because the Plan and its agents failed to establish and follow reasonable claims procedures or provide a full and meaningful review and appeal process, as required by ERISA. The Plan and BCBSTX have routinely failed to process claims submitted by the Surgery Center in a manner consistent or substantially in compliance with ERISA regulations and the Plan terms. *See* 29 C.F.R. § 2560.503-1. Among other things, the Plan and BCBSTX:

- failed to notify the Surgery Center of benefit determinations and review determinations within the required amount of time after receipt of the claim or appeal;

- failed to provide the specific reason or reasons for their benefit determinations or review determinations;

- failed to make reference to the specific plan provisions on which their benefit determinations or review determinations were based;

- made materially false and misleading statements concerning their processing of claims, and refused to disclose the true internal rules, guidelines, protocols and criteria that were relied upon in making the benefit and review determinations;

- failed to provide the Surgery Center with a sufficient description of the Plan's review procedures;

- failed to provide review of appeals that did not afford deference to the initial benefit determination, and which was conducted by an appropriate named fiduciary of the plan who is independent of the person who made the initial benefit determination;

- denied the Surgery Center's efforts to become sufficiently acquainted with the terms of the Plan, as well as the true methods used to reimburse the Surgery Center's claims, thereby rendering the administrative appeal a futile and meaningless endeavor;

- failed to produce Plan documents as required by ERISA despite being requested to do so.

ERISA requires that the Plan maintain a benefit determination and claim appeal process that provides a full, meaningful, and independent review, and that affords Plan beneficiaries and claimants broad rights to accurate, timely and substantive information regarding the reasons, rules, methodologies, terms, provisions and interpretations that underlie the benefit determinations. The generic response received from BCBSTX in response to the Surgery Center's level 2 appeal demonstrates that the process was anything but "independent," and that it failed to meet any of these requirements.

## VII.

## <u>Causes of Action</u>

<u>**Count 1**</u>**: 29 U.S.C. § 1132(a)(1)(B); Claim for ERISA Plan Benefits**

Under 29 U.S.C. § 1132(a)(1)(B), the Surgery Center is entitled to be paid Patient A's Plan benefits for the services that it rendered to Patient A.

The Surgery Center has standing to pursue this claim in two different capacities: (1) as assignee of Patient A's benefits and (2) alternatively, as authorized representative of Patient A him/herself.

### As Assignee of Plan Benefits

As assignee of benefits, the Surgery Center stands in the shoes of Patient A, a participant or beneficiary of the Plan. Thus, the Surgery Center is entitled to be paid Patient A's Plan benefits for the medically-necessary services rendered to them. 29 U.S.C. § 1132(a)(1)(B).

### As Authorized Representative of Patient A To Recover Plan Benefits

As authorized representative of Patient A, the Surgery Center is entitled to assert the rights of Patient A to recover medical expenses they incurred, and for which they are entitled to reimbursement under the Plan. Patient A is a "participant or beneficiary" of the Plan entitled to collect benefits and is a "claimant" for purposes of ERISA. As such, the Surgery Center is authorized to bring this claim against the Plan on behalf of Patient A. 29 U.S.C. § 1132(a)(1)(B).

11

**Count 2: 29 U.S.C. § 1132(c)(1); Failure to Provide Information upon Request**

ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), provides that "any administrator" who "fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary" shall be, in the court's discretion, liable to the participant or beneficiary in the amount up to $110 a day from the date of such failure or refusal. *See* 29 CFR § 2575.502c-1 (adjusting penalty from $100 per day to $110 per day). The information that a plan administrator must provide includes the controlling plan documents.

ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) states: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." ERISA § 109(c), 29 U.S.C. § 1029(c) provides that the Secretary of Labor may prescribe what further documents should be furnished. The Secretary of Labor's ERISA claim procedures regulations provide that, in order to provide a full and fair review, the Plan must:

> Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section.

29 C.F.R. § 2560.503-1(h)(2)(iii). The Secretary explains at Paragraph (m)(8) what

12

documents are relevant to the claim, and thus are required to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).

In this case, the Plan failed to provide complete plan documents and its reimbursement methodology within 30 days of the Surgery Center's requests to its agent, BCBSTX, as Patient A's designated authorized representative. Consequently, under ERISA, the Surgery Center is entitled to recover a penalty in the amount of $110 per day from the Plan for its failure and refusal to provide all required information upon request.

## VIII.

## Attorneys' Fees

The Surgery Center, both as assignee and as Patient A's authorized representative, is entitled to an award of attorneys' fees under ERISA, which allows a court to award "a reasonable attorney fee and costs of action to either party." 29 U.S.C. §1132(g)(1); *see Hardt v. Reliance Std. Life Insurance. Co.,* 130 S.Ct. 2149, 2152 (2010); *see also Baptist Mem. Hosp. - Desoto, Inc. v. Crain Auto., Inc.,* 392 Fed. Appx. 289, 299 (5th Cir. Miss. 2010).

## IX.

## Prayer

The Surgery Center prays for judgment against the Plan as set forth above and as follows:

1. For reimbursement in accord with the Plan terms;

2. For interest at the applicable legal rate;

3. For reasonable and necessary attorneys' fees; and

4. For such other relief as the Court deems just and proper.

Dated: July 23, 2021.

Respectfully submitted,

**NICHOLS BRAR WEITZNER & THOMAS LLP**

*/s/ Zachary W. Thomas*
Zachary W. Thomas
Texas Bar No. 2470739
(832) 316-2535
zthomas@nicholsbrar.com
Scott Nichols
Texas Bar No. 14994100
(281) 727-8442
snichols@nicholsbrar.com
2402 Dunlavy Street
Houston, Texas 77006

*And*

**PASHA LAW, P.C.**

*/s/ Nasir Pasha*
Nasir Pasha
Texas Bar No. 24086943
pasha@pashalaw.com
Rustam Abedinzadeh
Texas Bar No. 24087070
abedinzadeh@pashalaw.com
(800) 991-6504
1535 West Loop South, Suite 410
Houston, Texas 77027

*Counsel for Plaintiff Highland Surgical Center LLC*